**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3102
_____

L. PAUL DIEFFENBACH, JR.,
Appellant

v.

RBS CITIZENS, N.A.
D/B/A CITIZENS BANK

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-11-cv-02800)
District Judge:  Honorable Gene E. K. Pratter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2013
Before:  SMITH, CHAGARES and WEIS, Circuit Judges
(Opinion filed: February 15, 2013)
_____

OPINION
_____

PER CURIAM.

L. Paul Dieffenbach, Jr. filed a pro se complaint in the United States District Court

for the Eastern District of Pennsylvania, alleging that RBS Citizens, N.A. ("Citizens

Bank"), in declining to renew his credit card, violated the Equal Credit Opportunity Act

("ECOA"), 15 U.S.C. § 1691, and the Credit Card Accountability Responsibility and

Disclosure Act of 2009 ("Credit CARD Act"), 15 U.S.C. § 1637. Following discovery and an unsuccessful attempt to resolve the matter through arbitration, the parties filed cross-motions for summary judgment. The District Court granted Citizens Bank's motion and denied Dieffenbach's. Dieffenbach timely filed this appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision granting summary judgment to Citizens Bank. See Farrell v. Planters Lifesavers Co., 206 F.3d 271, 278 (3d Cir. 2000). Summary judgment is appropriate when the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For the following reasons, we will affirm the District Court.

I.

In 2008, Citizens Bank issued Dieffenbach a Platinum MasterCard with an expiration date of November 2010. On November 5, 2010, Citizens Bank sent Dieffenbach a letter explaining that it would not be reissuing his card because his account did not score enough points on the numerical scoring system that Citizens Bank uses to decide whether to renew credit cards. The letter further explained that the principal factors affecting Dieffenbach's score were (1) "Payments this month as a percentage of the amount due for last month"; (2) "Maximum balance as a percentage of credit limit in the last 3 cycles"; (3) Length of time account has been opened"; and (4) "Total cash balances as a % of total balances in the last 3 cycles." On December 30, 2010, Citizens Bank sent Dieffenbach a second letter in response to his inquiry regarding the

2

cancellation of his card. The letter reiterated the reasons behind the decision not to renew his card, assured him that the decision was based on his personal account history, and referred him to the provision in his Credit Card Agreement which stated that Citizens Bank could close his account even if he was not in default.

On April 27, 2011, Dieffenbach filed a complaint in the District Court, arguing that Citizens Bank (1) violated the notice requirements of the ECOA by terminating his card without providing sufficient written justification; and (2) violated the notice provision of the Credit CARD Act by failing to provide him with 45 days advance written notice of a "significant change" in his credit account terms. On May 8, 2012, the District Court granted Citizens Bank's cross-motion for summary judgment, holding that (1) the November 5, 2010 letter to Dieffenbach fully complied with the ECOA's notice requirements; and (2) the Credit CARD Act's requirement that creditors provide 45 days advance written notice before imposing a "significant change" in the terms of a cardholder agreement does not apply to a creditor's decision not to renew a credit card.[1] On appeal, Dieffenbach argues that the District Court erred with respect to both holdings.

---

[1] Dieffenbach had also alleged state law contract claims that were not addressed by the District Court's May 8, 2012 memorandum or its order entering judgment against him. In response to Dieffenbach's subsequent Rule 59 motion, the District Court explained that, in order to prevent manifest injustice, it would vacate the May 8 judgment and issue a new order specifying that judgment was entered against Dieffenbach only with respect to his federal claims. On June 26, 2012, the District Court entered an order to that effect. We find no error in the District Court's decision to decline to exercise supplemental jurisdiction over Dieffenbach's pendent state law claims, see 28 U.S.C. § 1367(c)(3); Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995), and therefore do not address Dieffenbach's appellate arguments relating to the merits of those claims.

The ECOA makes it unlawful for creditors to "discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a). To discourage creditors from discriminatory practices, the statute contains a notice provision requiring that "within thirty days . . . after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application." 15 U.S.C. § 1691(d)(1). If the action taken by the creditor is adverse, which includes the "denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested," the ECOA and its implementing regulation, known as Regulation B, require the creditor to send a written notice to the applicant. 15 U.S.C. § 1691(d)(6); 12 C.F.R. § 202.9(a)(1)(iii).

Regulation B specifies that the written notice must contain (1) a statement of the action taken; (2) the name and address of the creditor; (3) a statement of the anti-discrimination provision codified in § 701(a) of the ECOA; (4) the name and address of the federal agency that administers compliance concerning the creditor; and (5) a statement of specific reasons for the action taken. 12 C.F.R. § 202.9(a)(2). The statement of reasons "must be specific and indicate the principal reason(s) for the adverse action." 12 C.F.R. § 202.9(b)(2). "Statements that the adverse action was based on the creditor's internal standards or policies or that the applicant . . . failed to achieve a qualifying score on the creditor's credit scoring system are insufficient." Id.

The November 5, 2010 letter from Citizens Bank to Dieffenbach fully satisfied the notice requirements of the ECOA and Regulation B. The notice was in writing. It explicitly stated that Citizens Bank's decision was not to renew Dieffenbach's credit card. It provided the name and address of the creditor. It set forth the anti-discrimination provision of the ECOA. It informed Dieffenbach of the name and address of the federal agency that administers compliance concerning Citizens Bank, and Dieffenbach subsequently contacted that agency. Finally, the letter contained a statement of reasons for the decision not to renew Dieffenbach's card, namely that his account did not score well enough on Citizens Bank's internal scoring system due to the four specific reasons further explained in the letter. Those reasons were explained as (1) "Payments this month as a percentage of the amount due for last month"; (2) "Maximum balance as a percentage of credit limit in the last 3 cycles"; (3) "Length of time account has been opened"; and (4) "Total cash balances as a % of total balances in the last 3 cycles."[2]

### III.

The Credit CARD Act requires that cardholders be provided with written notice, 45 days in advance, of "any significant change" to the terms of their credit account. 15

---

[2] We reject Dieffenbach's related argument that the written notice was required to disclose additional information relating to his credit score. Neither the ECOA nor Regulation B contains any such requirement. Moreover, the notice clearly stated that the decision not to renew his credit card was based on Citizen Bank's internal scoring system and not on information obtained from a third-party credit reporting agency. To the extent that Dieffenbach argues that Citizens Bank was required to disclose its use of information derived from a credit reporting agency under a different statute, such as the Fair Credit Reporting Act, 15 U.S.C. § 1681m, his complaint alleged no such cause of action.

5

U.S.C. § 1637(i)(2). Although the term "significant change" is not separately defined in the Credit CARD Act, the statute does state that it includes "an increase in any fee or finance charge." Id. The Act's implementing regulation, known as Regulation Z, provides that a "significant change in account terms" includes "a change to a term required to be disclosed under [12 C.F.R.] § 226.6(b)(1) and (b)(2), an increase in the required minimum periodic payment, a change to a term required to be disclosed under § 226.6(b)(4), or the acquisition of a security interest." 12 C.F.R. § 226.9(c)(2)(ii).

Dieffenbach does not point to any particular provision of the Credit CARD Act or Regulation Z in support of his argument that Citizens Bank's decision not to renew his credit card constitutes a "significant change" to his account terms sufficient to trigger the 45-day notice requirement.[3] He argues only that, as a matter of plain language, the word "any" preceding the term "significant change" in the statute requires an expansive reading of the term. We do not find Dieffenbach's interpretation supported by case law or by the statutory or regulatory text, which sets forth several examples of a "significant change" but does not include among them a creditor's decision not to renew a credit card. Moreover, Dieffenbach's interpretation of the Credit CARD Act's 45-day advance notice

---

[3] In the District Court, Dieffenbach argued that a Federal Reserve System publication citing § 226.6(b)(2) of Regulation Z explained that a change in a cardholder's "available credit" constitutes a "significant change" for purposes of the Credit CARD Act, and therefore Citizens Bank's reduction of his credit line to zero was sufficient to trigger the 45-day notice requirement. To the extent that Dieffenbach renews this argument, we find it unpersuasive. Although § 226.6(b)(2)(xiii) addresses certain disclosure requirements relating to "available credit," it does not concern circumstances in which a cardholder's credit line is reduced to zero by virtue of the creditor's decision not to renew the card.

requirement appears incongruous with the provision's purpose.  See <u>Chase Bank USA,</u>

<u>N.A. v. McCoy</u>, 131 S. Ct. 871, 875-76 (2011); <u>see also</u> S. Rep. 111-16, at 7 (2009).

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.